# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DANNY PROPHET, | CASE NO. 1:08-cv-01748-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| v. | |
| KEN CLARK, et al., | (Doc. 9) |
| Defendants. | |

## Screening Order

**I.    Screening Requirement**

Plaintiff Joseph Danny Prophet ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 14, 2008. On February 12, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim upon which relief may be granted. Plaintiff filed an amended complaint on February 24, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claim for Denial of Access to the Courts**

Plaintiff is currently incarcerated at the California Substance Abuse Treatment Facility and State Prison in Corcoran, where the events at issue in this action occurred. Plaintiff alleges a claim for relief against Defendants Warden Ken Clark, M. Pratt, R. Gomez, and R. Moreno for violating his right of access to the courts under the United States Constitution. Plaintiff is seeking damages for the violation of his rights.

Plaintiff alleges that Warden Clark "allowed such performance [of subordinate staff]" by virtue of his signature at the second level of review of Plaintiff's inmate appeal. (Doc. 9, Amend. Comp., § IV.) Plaintiff alleges that Gomez, an appeals coordinator, is supposed to maintain order over staff misconduct, and his signature demonstrates that he had knowledge Plaintiff was being denied access to the courts. (Id.) Pratti and Moreno, correctional counselors, were aware of a pending court deadline. (Id.) Due to "abuse of the authority and the intentional delay in the plaintiff['s] pending case[,]" the case was dismissed and another case had to be withdrawn. (Id.)

Under section 1983, Plaintiff is required to show that each defendant named in the complaint (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a

constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). To prevail on a claim, a plaintiff must show that he suffered an actual injury by being shut out of court. Id. at 415, 2187; Lewis, 518 U.S. at 351, 2180.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354, 116 S.Ct. at 2181. Inmates do not enjoy a constitutionally protected right "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims." Id. at 355, 2182. Rather, the type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354, 2181-82 (quotations and citations omitted). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355, 2182 (emphasis in original).

Plaintiff's allegations do not support a claim that the defendants were responsible for causing him to suffer an actual injury with respect to a criminal appeal, habeas petition, or civil rights action. Although Plaintiff alleges he had a case dismissed and had to withdraw another, it is unclear what type of cases were involved, how the named defendants *caused* the dismissal and withdrawal, or

1  whether Plaintiff actually lost the ability to litigate the cases. While detailed allegations are not
2  required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more
3  than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ."
4  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations
5  and citations omitted). The Court finds that Plaintiff has not stated a cognizable claim for denial of
6  access to the courts against any of the named defendants.

**III.    Conclusion and Order**

Plaintiff's amended complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies, provided with the applicable legal standards, and granted leave to amend. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff was unable to cure the deficiencies, and the Court finds that further leave to amend is not warranted. Id.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

IT IS SO ORDERED.

**Dated:    February 26, 2009**              /s/ Sandra M. Snyder
                                             UNITED STATES MAGISTRATE JUDGE